HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, *ex rel.* Ammar Safadi,

    Plaintiff,

    v.

MARK KIRBY ROE, *et al.*,

    Defendants.

Case No. 18-cv-01305-RAJ

**ORDER DISMISSING ACTION**

## I.   INTRODUCTION

This matter is before the Court *sua sponte*. For the reasons below, the Court **DISMISSES** the action.

## II.   BACKGROUND

Plaintiff is a *pro se* who filed this action on behalf of himself and the United States (alternatively, the "Government"). Dkt. # 18 at 1. He alleges corruption by the Snohomish County Superior Court, including the issuance of certain restraining or protection orders, leaves certain state actors liable for violations of RICO and the Fourteenth Amendment. *See generally* Dkt. # 18.

The Government has filed its notice declining to intervene pursuant to § 3730(b)(4)(B). Dkt. # 22.

ORDER – 1

# III. DISCUSSION

## A. IFP Complaint

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss an IFP complaint "at any time" if the court determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

An IFP complaint must also comply with the pleading requirements of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(1)(2). Although Rule 8's pleading standard does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## B. *Qui Tam Actions*

Under the *qui tam* provisions of the FCA, a private individual, referred to as a relator, may file an action on behalf of the federal government against any individual or company who has knowingly presented a false claim to the government for payment. *See* 31 U.S.C. §§ 3729(a), 3730(b).

The Ninth Circuit has held that a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States, as neither the general *pro se* provision, 28 U.S.C. § 1654, nor the FCA grants a *pro se* that authority. *See Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse

ORDER – 2

judgment the relators may obtain, we cannot interpret § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions."); Williams v. Dep't of Corr., No. C13-5505-RJB, 2013 WL 3305485, at *2 (W.D. Wash. June 27, 2013) (same).  Accordingly, Plaintiff's claims on behalf of the United States are dismissed.

### C.     Individual Claims

"[F]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.199).  Plaintiff's complaint fails to allege that he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; or that (2) the injury is fairly traceable to the challenged action of the defendant.  Rather, Plaintiff vaguely alleges that "many American citizens/residents have restraining or protection orders issued by Snohomish County Superior Court" and that they were "falsely accused of domestic violence in the absence of equal due process."  Dkt. # 18.  This is insufficient to establish Article III standing.

### IV.     CONCLUSION

For the reasons stated above, the Court **DISMISSES** the action without prejudice.

DATED this 6th day of November, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3